[No. 17119. Department One. August 18, 1922.]

ANNA TOBAKAS, *Respondent*, v. ALEX GATY, *Appellant*.[1]

APPEAL (301)—RECORD—STATEMENT OF FACTS—NECESSITY FOR SETTLEMENT AND CERTIFICATION. In the absence of a statement of facts, the supreme court cannot consider assignments of error based upon proceedings subsequent to the entry of judgment, not presented by settlement and certification of the trial court.

Appeal from a judgment of the superior court for Ferry county, Neal, J., entered October 14, 1921, upon findings in favor of the plaintiff, in an action of unlawful detainer, tried to the court. Affirmed.

*G. V. Alexander*, for appellant.

*Frank M. Allyn*, for respondent.

MITCHELL, J.—Plaintiff sued defendant in unlawful entry and detainer and for damages. The trial, without a jury, resulted in findings, conclusions and judgment against the defendant, who has appealed.

There being no statement of facts in the record, the cause is submitted to us upon the findings, conclusions

[1]Reported in 208 Pac. 257.

and judgment. The findings entered by the trial court were that the respondent was the owner of the land in dispute; that, on July 1, 1916, the appellant wrongfully entered upon the land and ever since then has wrongfully withheld the same from the respondent, to her damage in the reasonable sum of $150; that, prior to the commencement of this action, in a suit at the instance of this appellant against the respondent, the title to the land had been litigated and determined adversely to the appellant. The conclusions of law entered by the court correspond with the findings. The judgment is that the respondent have and recover of and from the appellant the sum of $150, together with costs and disbursements. Other assignments of error, based upon proceedings in the cause subsequent to the entry of the judgment, cannot be considered because the facts upon which appellant claims they rest have not been presented by settlement and certification by the trial court.

Finding the judgment is supported by the findings and conclusions, it is hereby affirmed.

PARKER, C. J., BRIDGES, TOLMAN, and FULLERTON, JJ., concur.